# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS DENOVA LOPEZ, also known as Joel Jaimes Denova,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-68-4

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Jesus Denova Lopez appeals the 210-month sentence imposed after he pleaded guilty to four crimes arising from a large drug-trafficking conspiracy. The sentence was at the top of the correctly calculated advisory guideline range and is presumed to be reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption may be rebutted if Denova Lopez shows "that the sentence does not account for a factor that should receive significant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50209

weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Denova Lopez argues that the sentence does not sufficiently account for his sincere contrition, acceptance of responsibility, limited education, and lack of any criminal history.  Further, he argues that a sentence at the bottom of the guideline range would have satisfied the sentencing factors of 18 U.S.C. § 3553(a), including protecting the public and deterring him from additional criminal conduct.  He concludes that the district court committed a clear error in weighing the § 3553(a) factors.

In essence, Denova Lopez asks this court to substitute his assessment of the sentencing factors for the district court's, which is contrary to the deferential review dictated by the Supreme Court in *Gall v. United States*, 552 U.S. 38, 51 (2007).  His disagreement with the sentence does not rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  While a lesser sentence might have also been reasonable, Denova Lopez has not shown that the sentence the district court imposed was unreasonable.  *See Gall*, 552 U.S. at 51.

The judgment is AFFIRMED.